1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 18, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

CAREY L.,

        Plaintiff,

        v.

KILOLO KIJAKAZI, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

No. 2:20-CV-00129-ACE

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

ECF Nos. 28, 30

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 28, 30. Carey L. (Plaintiff) is appearing *pro se*; Special Assistant United States Attorney Sarah Moum represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

On September 23, 2016, Plaintiff filed an application for Disability Insurance Benefits alleging disability since August 1, 2012,[1] due to issues with his

---

[1]Plaintiff amended his alleged onset date to October 16, 2015, at the time of the administrative hearing. Tr. 26, 95-96.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

hips; disc bulging and stenosis at C2-3, C3-4, C4-5, C5-6 and C6-7; and slight levoscoliosis (type of scoliosis in which the spine curves to the left).  Tr. 260, 287.  The application was denied initially and upon reconsideration.  Administrative Law Judge (ALJ) Stewart Stallings held a hearing on August 30, 2018, Tr. 87-140, and issued an unfavorable decision on December 17, 2018, Tr. 26-39.  The Appeals Council denied Plaintiff's request for review on January 29, 2020.[2]  Tr. 1-6.  The ALJ's December 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on March 30, 2020.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was 36 years old on the amended disability onset date, October 16, 2015.  Tr. 283.  He completed school through the 12th grade and completed additional vocational training (an online license to appraise real estate) in June 2008.  Tr. 94, 288.  Plaintiff's disability report indicates he stopped working on July 1, 2012, because of his conditions.  Tr. 94, 287.  He stated that, at that time, his physical condition deteriorated and his migraines increased in severity to the point where he was unable to continue to work his job at the Stevens County Assessor's Office.  Tr. 98-99.

Plaintiff testified at the administrative hearing that his condition had not improved since he stopped working.  Tr. 100 ("My arthritis has gotten worse, my back has gotten worse. My [right] hip has gotten worse.").  A recent MRI revealed a new tear in his right hip area, Tr. 101-102, 719-720, and he believed he may have

---

[2]The Appeals Council specifically wrote, "You submitted five pages from Cathy Lembcke dated March 27, 2019, and one page from Richard K. Lembcke, not dated.  We find this evidence does not show a reasonable probability that it would change the outcome of the decision."  Tr. 2.

ORDER GRANTING DEFENDANT'S MOTION . . . - 2

a tear in his left hip as well, Tr. 101-102.  He indicated he also had neck and back problems as a result of a prior motorcycle wreck, Tr. 108-109, and stated he recently had injections for the chronic pain in his spine, Tr. 104.  He also described debilitating migraine headaches that occurred two to four times per month, lasting one to three days at a time, Tr. 104-108, and stated he had arthritis in both hands which affected his grip strength and dexterity, Tr. 123-124.  Plaintiff testified he also experienced depression; however, he indicated anti-depressant medications were helping.  Tr. 118-119.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id.* at 1098.  Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied

in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On December 17, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from his amended onset date, October 16, 2015, through his date last insured, December 31, 2017. Tr. 29.

At step two, the ALJ determined Plaintiff had the following severe impairments through the date last insured: degenerative joint disease of the right hip – post surgery; obesity; degenerative disc disease, cervical and lumbar; migraines; depressive disorder; cannabis use; and left carpal tunnel. Tr. 29.

///

///

ORDER GRANTING DEFENDANT'S MOTION . . . - 4

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  Tr. 29.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform sedentary exertion level work with the following limitations:  he must be able to change from a standing position to a sitting position, or vice versa, every 30 minutes, for up to five minutes while remaining at the work station, at the worker's discretion; never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs; occasionally balance and stoop; rarely (which is defined as no more than 15% of the time) crouch; never kneel or crawl; occasionally reach overhead; frequently handle and finger with the left upper extremity; avoid all use of moving or dangerous machinery, all exposure to unprotected heights, and all exposure to bright sunshine and/or flashing lights, but computer monitors are okay; and work where concentration (which is defined as careful exact evaluation and judgment) is not critical.  Tr. 32.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work.  Tr. 37-38.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of telephone sales clerk, document sorter, and final assembler.  Tr. 38-39.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from October 16, 2015, the amended alleged disability onset date, through December 31, 2017, the date last insured.  Tr. 39.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

It appears Plaintiff asserts the Commissioner erred: (1) in the consideration of Plaintiff's subjective symptom allegations; (2) in the weight accorded to the medical opinion of his treating physician, Angelica Macias, M.D.; and (3) in assessing the post-decision lay witness statements submitted to the Appeals Council   ECF No. 28.

## DISCUSSION

### A.    Plaintiff's Subjective Complaints

Based on Plaintiff's recitation of his own symptom complaints to the agency and his medical providers, ECF No. 28 at 2, 5-10, it appears Plaintiff challenges the ALJ's rejection of his subjective allegations.  Defendant responds that Plaintiff did not argue with specificity with respect to this issue and, in any event, the ALJ reasonably evaluated Plaintiff's subjective complaints.  ECF No. 30 at 2-5.

It is the province of the ALJ to make credibility determinations.  *Andrews*, 53 F.3d at 1039.  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

symptoms were not entirely consistent with the medical and other evidence of record.  Tr. 33.

The ALJ first determined Plaintiff's allegations of disabling impairments were not consistent with the objective medical evidence of record.  Tr. 35.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

The ALJ noted Plaintiff's physical limitation allegations were inconsistent with his generally unremarkable physical examinations.  Tr. 35 *citing* Tr. 464 & 467 ("He walks with a normal, non-antalgic gait, requiring no assistive devices. He is accompanied by no one."); 511, 690, & 704 (noting Plaintiff had full strength).  The ALJ also indicated Plaintiff's mental health allegations were inconsistent with his generally unremarkable mental examinations.  Tr. 35 *citing* Tr. 464 & 467 (noting Plaintiff was alert and oriented and in no apparent distress); 511 (noting he was alert and oriented to time and place with appropriate mood and affect); 639 (noting Plaintiff arrived for the evaluation appropriately dressed and groomed).  The ALJ additionally observed Plaintiff's memory, attention, and concentration were at times good, Tr. 652-653, and that he denied being suicidal and depressed, Tr. 462, 466, 649.  Tr. 35.

As asserted by Defendant, ECF No. 30 at 2-3, Plaintiff has not specifically contested these findings by the ALJ.  The Court ordinarily will not consider matters on appeal that are not specifically challenged in an opening brief, *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008), and will not "manufacture arguments for an appellant," *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).  Nevertheless, based on the Court's review of the record, and specifically the ALJ's citations noted above, the Court finds substantial evidence supports the ALJ's finding that Plaintiff's physical

and mental limitation allegations were not consistent with the objective medical evidence of record.

The ALJ also found Plaintiff's reports that medications were working well, with improved ability to function, undermined his assertions of disabling physical and mental limitations.  Tr. 35.

An ALJ may rely on the effectiveness of treatment to find a plaintiff's testimony unpersuasive.  *See Morgan*, 169 F.3d at 599-600 (an ALJ may properly rely on a report that a plaintiff's symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling).

As indicated by the ALJ, Plaintiff reported his medication was working well, with improved ability to function overall, including improved walking ability, ability to work or perform household chores, improved mood, improved ability to interact socially with other people, improved ability to sleep, and improved enjoyment of life.  Tr. 35 *citing* Tr. 462, 466.[3]  Plaintiff, again, has not specifically contested these findings by the ALJ.  *See Carmickle*, 533 F.3d at 1161 (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief).  In any event, records of Plaintiff's improved physical and mental health following his use of medication was an additional valid reason, supported by substantial evidence, for discounting Plaintiff's subjective complaints.

The ALJ also found Plaintiff's allegations were inconsistent with his activities of daily living.  Tr. 35.

It is well-established that the nature of daily activities may be considered when evaluating credibility.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

_____

[3]Plaintiff also testified at the administrative hearing that anti-depressant medications were helping.  Tr. 119.

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

1    For daily activities to discount subjective symptom testimony, the activities do not

2    need to be equivalent to full-time work; it is sufficient that a claimant's activities

3    "contradict claims of a totally debilitating impairment."  *See Molina v. Astrue*,

4    674 F.3d 1104, 1112-1113 (9th Cir. 2012).  A claimant, however, need not be

5    utterly incapacitated to receive disability benefits, and completion of certain

6    routine activities is insufficient to discount subjective symptom testimony.  *Id*. at

7    1112-1113  (noting that a "claimant need not vegetate in a dark room in order to be

8    eligible for benefits" (quotation marks omitted)); *Vertigan v. Halter*, 260 F.3d

9    1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact

10   that a plaintiff has carried on certain daily activities, such as grocery shopping,

11   driving a car, or limited walking for exercise, does not in any way detract from her

12   credibility as to her overall disability.").

13        Here, the ALJ specifically identified Plaintiff's ability to care for his

14   girlfriend's then-four-year-old daughter, Tr. 640; to do some light chores like

15   preparing simple meals for his girlfriend's daughter, tidying the house, loading the

16   dishwasher, vacuuming, and picking up dishes, Tr. 640; and to count change,

17   handle a savings account, and use a checkbook, Tr. 311, as contrary to his claims

18   of disabling limitations.  Tr. 35.  The Court finds that it was reasonable for the ALJ

19   to conclude that Plaintiff's documented activities of daily living were inconsistent

20   with his allegations of totally disabling symptoms and thus detracted from his

21   overall credibility.

22        The ALJ is responsible for reviewing the evidence and resolving conflicts or

23   ambiguities in testimony.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.

24   1989).  It is the role of the trier of fact, not this Court, to resolve conflicts in

25   evidence.  *Richardson*, 402 U.S. at 400.  The Court has a limited role in

26   determining whether the ALJ's decision is supported by substantial evidence and

27   may not substitute its own judgment for that of the ALJ even if it might justifiably

28   have reached a different result upon *de novo* review.  42 U.S.C. § 405(g).  After

reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case.

**B.    Angelica Macias, M.D.**

It appears Plaintiff also contends the ALJ erred by failing to give legally sufficient reasons for rejecting the medical opinions of Angelica Macias, M.D., regarding Plaintiff's impairments and limitations. ECF No. 28 at 14. Defendant responds that the ALJ reasonably evaluated the medical evidence of record and provided valid reasons to discount Dr. Macias' opinions. ECF No. 30 at 7-9.

For disability applications filed prior to March 27, 2017, the courts distinguish among the opinions of three types of acceptable medical sources: treating physicians, physicians who examine but do not treat the claimant (examining physicians) and those who neither examine nor treat the claimant (nonexamining physicians). *Lester*, 81 F.3d at 830. A treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a nonexamining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester*, 81 F.3d at 830. The Ninth Circuit has held that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 830; *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) (finding a nonexamining doctor's opinion "with nothing more" does not constitute substantial evidence).

In weighing the medical opinion evidence of record, the ALJ must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Magallanes*, 881 F.2d at 751. The ALJ must also set forth the reasoning behind his or her decisions in a way that allows for meaningful review. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (finding a clear statement of the agency's reasoning is necessary because the Court

1    can affirm the ALJ's decision to deny benefits only on the grounds invoked by the

2    ALJ).  "Although the ALJ's analysis need not be extensive, the ALJ must provide

3    some reasoning in order for us to meaningfully determine whether the ALJ's

4    conclusions were supported by substantial evidence."  *Treichler v. Comm'r of Soc.*

5    *Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

6         On October 31, 2016, Dr. Macias, Plaintiff's treating physician, completed a

7    physical residual functional capacity assessment form.  Tr. 544-546.  Dr. Macias

8    opined on the check-box form that Plaintiff could perform sedentary exertion level

9    work but must sit less than two hours and stand/walk less than six hours in an

10   eight-hour day, with no postural activities except climbing ramps and stairs as

11   needed for moving around the house, and limited fingering.  *Id*.

12        The ALJ accorded the opinion "partial weight."  Tr. 36.  The ALJ agreed

13   that given Plaintiff's possible new right hip tear, reduced range of motion in his

14   spine, and the need to change positions frequently, along with left carpal tunnel,

15   migraines and obesity, Plaintiff was limited to sedentary work with a sit/stand

16   option and manipulative limitations.  Tr. 36.  However, due to Plaintiff's full

17   strength and at times normal gait, *see* Tr. 464 & 467 ("He walks with a normal,

18   non-antalgic gait, requiring no assistive devices."); 511, 690, & 704 (noting

19   Plaintiff had full strength), the ALJ found that, inconsistent with Dr. Macias'

20   October 2016 opinion, Plaintiff could occasionally perform all postural activities

21   except never climb ladders, ropes, and scaffolds, rarely crouch, and never kneel or

22   crawl.  Tr. 36.  These findings by the ALJ are further supported by the medical

23   consultant opinions of Norman Staley, M.D., Tr. 170-172 (December 19, 2016),

24   and Debra Baylor, M.D., Tr. 187-189 (July 21, 2017).  Tr. 35-36.

25        Based on the foregoing, the Court finds the ALJ provided sufficient rationale

26   for according the October 2016 check-box form opinion of Dr. Macias only partial

27   weight.

28   ///

On August 10, 2017, Dr. Macias wrote a letter stating that Plaintiff's lumbar stenosis, radiculopathy, and cervical stenosis "limit his physical abilities and do may [sic] him disabled."  Tr. 671.

The Court notes at the outset that whether a claimant is disabled within the meaning of the Social Security Act is a legal conclusion, based on both medical and vocational components, that is reserved for the ALJ.  *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001); *Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000).  Furthermore, Dr. Macias' one-paragraph opinion is not supported by objective medical evidence.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (an ALJ may discredit a treating physician's opinion that is unsupported by rationale or treatment notes and offers no objective medical findings to support the opinion).  Regardless, the Court finds the ALJ appropriately discounted the conclusory opinion of Dr. Macias as inconsistent with evidence of Plaintiff's "full strength, normal, non-antalgic gait, and at times no assistive device," which allowed him to perform sedentary work with the limitations noted in the ALJ's RFC determination.  Tr. 37.  The ALJ did not err by according Dr. Macias' August 10, 2017 letter little weight.

**C.    New Evidence**

Plaintiff's motion requests that the Court also take into consideration the following lay witness evidence submitted after the conclusion of the administrative proceedings and while the matter was pending review at the Appeals Council:  five pages from Cathy Lembcke (Plaintiff's mother), dated March 27, 2019, Tr. 7-11; one page from Richard K. Lembcke (Plaintiff's father), not dated, Tr. 22; and a letter from Lynn Whitaker (Plaintiff's sister), dated March 22, 2019, Tr. 378-380. ECF No. 28 at 3-4.

The Appeals Council considered the new evidence and made it a part of the administrative record.  *See Harman*, 211 F.3d at 1179-1180 (stating that where claimant submitted additional materials to the Appeals Council in requesting

review of the ALJ's decision, "[w]e may properly consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review"); *Ramirez v. Shalala*, 8 F.3d 1449, 1451-1452 (9th Cir. 1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, we considered both the ALJ's decision and the additional materials submitted to the Appeals Council). The Court may affirm the ALJ's decision in spite of the new evidence if substantial evidence still supports the ALJ's nondisability determination.  *Sullivan v. Colvin*, 588 F. App'x 725, 726-727 (9th Cir. 2014) ("While the new evidence supported Sullivan's disability allegations, substantial evidence still supported the ALJ's nondisability determination."); *compare Joann D. v. Commissioner of Social Security*, 2019 WL 7184550 at *2 (W.D. Wash. 2019) (finding new evidence undermined the administrative decision where the ALJ had concluded the claimant had "great pain relief" following surgery, but new evidence showed that the claimant required a subsequent surgery and treatment during the alleged disability period).

Here, the lay witness statements, Tr. 7-11, 22, 378-380, essentially reiterate Plaintiff's hearing testimony, Tr. 93-131, and, as discussed above, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's testimony in this case, *see supra*.  Under Ninth Circuit precedent, the ALJ's rationale for discounting Plaintiff's subjective complaints applies with equal force to discount the lay witness statements from Plaintiff's mother, father, and sister.  *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (indicating that third-party testimony can be rejected for the same reasons provided for rejecting the claimant's testimony).  Accordingly, Plaintiff's newly submitted lay witness statements do not sufficiently undermine the ALJ's decision so as to require a remand in this case.  The Court finds substantial evidence continues to support the ALJ's nondisability determination.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 30**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 28**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for DEFENDANT and the file shall be CLOSED**.

DATED January 18, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE